**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEOBALDO RAMOS-VASQUEZ; LEIDY RAMOS-VASQUEZ; ROSE DALIA RAMOS-VASQUEZ, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 08-75037 <br><br> Agency Nos. A098-291-127 <br> A098-291-128 <br> A098-291-129 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 30, 2018[**]
San Francisco, California

Before:  GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[***] Chief
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for
the District of Minnesota, sitting by designation.

Petitioners Leobaldo Ramos-Vasquez, Rose Dalia Ramos-Vasquez, and Leidy Ramos-Vasquez, who are natives and citizens of Guatemala, petition for review of a final order of removal entered by an immigration judge ("IJ"). The IJ entered that order following a remand from the Board of Immigration Appeals ("BIA"), which had sustained the government's appeal of a different IJ's grant of asylum to Petitioners.[1] We deny the petition in part, grant the petition in part, and remand to the BIA.

1. We reject the argument that the BIA never reversed the grant of humanitarian asylum to Petitioners Rose Dalia and Leobaldo Ramos-Vasquez and that they are thus entitled to asylum. The BIA found that none of the Petitioners established past persecution, which is a prerequisite to obtaining humanitarian asylum. 8 C.F.R. § 208.13(b)(1). Accordingly, the BIA necessarily reversed the IJ's grant of humanitarian asylum.

2. We are unpersuaded by Petitioners' argument that this case should be remanded so that their claim for relief under the Convention Against Torture ("CAT") can be addressed by the BIA. Petitioners failed to press that claim before

---

[1] Because the BIA remanded to the IJ to consider both Petitioners' eligibility for voluntary departure and "any other relief to which they may be entitled," the BIA's decision did not constitute a final order of removal. Abdisalan v. Holder, 774 F.3d 517, 526 (9th Cir. 2015) (en banc).

2

the IJ after their case was remanded, so they cannot now complain that the agency has not had an adequate opportunity to address the claim.

3. We grant the petition insofar as Petitioners seek review of the BIA's determination regarding their eligibility for asylum. The BIA ruled that Petitioners had failed to establish a well-founded fear of persecution on account of a statutory ground. The BIA gave two independent reasons for that conclusion: (1) Petitioners would not be considered street children, and (2) "street children in Guatemala" do not comprise a "particular social group."

a. The first ground amounted to a rejection of the IJ's factual finding that Petitioners would be considered street children. See In re A-R-C-G-, 26 I. & N. Dec. 388, 391 (B.I.A. 2014) ("The question whether a person is a member of a particular social group is a finding of fact . . ."); see also Vitug v. Holder, 723 F.3d 1056, 1063 (9th Cir. 2013) ("Facts include past events, but they are not restricted to historical events. They also include . . . expressions of likelihood based on testimony (both lay and expert) and/or documentary evidence." (citations and internal quotation marks omitted)). Accordingly, the BIA should have reviewed the IJ's determination for clear error. In re A-R-C-G-, 2 I. & N. Dec. at 391. However, the BIA failed to "specifically address any clear errors the IJ made in his factual findings" and instead appeared to "substitute its own view of the facts" for

3

that of the IJ.  <u>Ridore v. Holder</u>, 696 F.3d 907, 919 (9th Cir. 2012).  The BIA thus either conducted de novo review or failed to explain adequately why the IJ clearly erred in his factual findings.  Either way, the BIA committed legal error, and its ultimate determination regarding Petitioners' eligibility for asylum cannot be upheld on this ground.

b.  The second ground amounted to a legal conclusion that "street children in Guatemala" do not comprise a "particular social group" under the Immigration and Nationality Act ("INA").  <u>Pirir-Boc v. Holder</u>, 750 F.3d 1077, 1081 (9th Cir. 2014).  The BIA's decision in this case predated its decisions in <u>In re M-E-V-G-</u>, 26 I. & N. Dec. 227 (B.I.A. 2014), and <u>In re W-G-R-</u>, 26 I. & N. Dec. 208 (B.I.A. 2014), as well as our subsequent decision in <u>Reyes v. Lynch</u>, 842 F.3d 1125 (9th Cir. 2016), which accorded the BIA's construction of the "particularity" and "social distinction" requirements <u>Chevron</u> deference.  Because those decisions might affect the agency's analysis, we remand to the BIA to "reconsider its determination[] that the particular social group[] offered by Petitioners [is] not cognizable under the INA."  <u>Cordoba v. Holder</u>, 726 F.3d 1106, 1117 (9th Cir. 2013).

4.  Because the BIA's denial of Petitioners' claim for withholding of removal was premised entirely on its denial of their asylum claim, we grant and remand the petition for review insofar as it pertains to the withholding claim.

**Petition DENIED in part, GRANTED in part, and REMANDED.**  The parties shall bear their own costs on appeal.